UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 20-21-HRW

RODNEY WARD, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on December 15, 2015, alleging disability beginning on December 9, 2015, due to "breathing problems, hearing problems [and] back/neck/shoulder problems (Tr. 1355). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Charles Wood (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Riedl, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 48 years old at the time he alleges he became disabled. He has a 12th grade education (Tr. 1356). His past relevant work experience consists of work as a coal miner.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative joint disease, degenerative disc disease, hypertension, obesity, generalized anxiety disorder and depression, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments

The ALJ further found that Plaintiff could not return to his past relevant work but

determined that he has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b), except that he could only occasionally stoop, kneel, crouch, crawl, climb ramps and stairs, and operate push/pull controls with his legs; could not climb ladders, ropes, or scaffolds or reach overhead or operate controls with his left arm; and should avoid concentrated exposure to extreme temperatures, vibration, environmental irritants, and hazards (Tr. 826-27). Mentally, Plaintiff could perform simple, routine, and repetitive tasks with occasional and superficial interaction with coworkers and supervisors and no contact with the public (Tr. 827).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In his brief, Plaintiff makes only a general argument of error – a recitation of medical records, followed by "boilerplate" statements of the law without tying the two together. As Defendant points out, his arguments are not specific to his case. Indeed, in the "argument" section of his brief, he fails to cite the record at all. This Court could deem any argument presented in this manner waived. *See McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir.1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones"). In *Hollon ex rel. Hollan v. Commissioner of Social Security,* 447 F.3d 477, 490–491 (6th Cir.2006), a claimant similarly contended that the Commissioner's decision to discontinue her benefits was not supported by substantial evidence, yet made little effort to develop this argument in her brief or to identify any specific aspects of the Commissioner's determination that lacked support in the record. In these circumstances, the Sixth Circuit noted that it "decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the

4

administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his/her] brief on appeal." *Id.* at 491. *See also United States v. Phibbs,* 999 F.2d 1053, 1080 n. 12 (6th Cir.1993)(noting that "it is not our function to craft an appellant's arguments").

Nonetheless, the Court has reviewed the ALJ's decision as well as the record herein and finds the decision is supported and without error.

With regard to Plaintiff's physical condition, the ALJ noted that records from the relevant time period show that he received minimal care and conservative treatment. With regard to his mental functioning, the ALJ again noted the largely normal findings. In addition, the ALJ discussed Plaintiff's own description of his daily activities, such as light chores, drove locally, and assisted in caring for two grandchildren to be inconsistent with his testimony of disabling impairment. *See Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997) ("[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments").

It is clear the ALJ reasonably considered the entire record and found that, although Plaintiff has certain functional limitations, he is capable of performing a range of work-related activity and, as such, is not disabled.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 16th day of July 2021.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**